**In the United States Court of Appeals**
**For The Fourth Circuit**

Curtis Edwin Leyshon )
    *Petitioner—Appellant* )
     )
    *versus,* )
     )
**COMMISSIONER OF INTERNAL REVENUE** ) Case No. 15-2020
    *Respondent—Appellee* )

### Opposition to "COMMISSIONER'S RESPONSE TO APPELLANT'S MOTION FOR FORMAL BRIEFING SCHEDULE"

Comes now Curtis Edwin Leyshon ("Leyshon") without Assistance of Counsel, with this **Opposition to "COMMISSIONER'S RESPONSE TO APPELLANT'S MOTION FOR FORMAL BRIEFING SCHEDULE"** ("Response").

**FIRST:** Clint A. Carpenter ("Carpenter") has made an *ipse dixit* pontification, *i.e.*, *ipse dixit* determination concerning Leyshon's status that he is a "taxpayer," which Carpenter used nine (9) times in the Response.

If the 4th Circuit is a bona fide Appellate Article III Court arising under the Constitution of the United States in all Cases and Controversies exercising the judicial Power of the United States, then the unambiguous Statutes of the Untied States codified in 28 U.S.C. § 2201—Creation of remedy "**(a)** In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 [501(c)(3)s] of the Internal Revenue Code

Opposition to Response    Page 1 of 20

of 1986" precluded the United States District Court ("USDC") and 4th Circuit Court of Appeals ("4th Circuit") from exercising any declaratory judgment concerning the status of Leyshon as a "taxpayer." Restated, the USDC and the 4th Circuit Court of Appeals lacks subject matter jurisdiction to grant declaratory judgments as to determine a taxpayer's status of Leyshon, which is beyond the powers of the Court.   See *Carmichael v. United States*, 245 F.2d 676 (5th Cir. 1957); *Miller v. United States*, 969 F.Supp. 524 (S.D.Iowa 1996);   *O'Connor v. United States*, 669 F.Supp. 317(D.Nev.1987), affirmed 935 F.2d 275, certiorari denied 112 S.Ct. 1196, 502 U.S. 1104, 117 L.Ed.2d 436, rehearing denied 112 S.Ct. 1709, 503 U.S. 999, 118 L.Ed.2d 416; *St. Louis Park Medical Center v. Lethert*, 286 F.Supp. 271 (D.C.Minn.1968);   *Wahpeton Professional Services, P.C. v. Kniskern*, 275 F.Supp. 806 (D.C.N.D.1967).

**SECOND:**    Clint A. Carpenter ("Carpenter") claims he is from the Department of Justice ("DoJ") representing the "United States," which is a FRAUD.  Leyshon does not know the "internal" structures obfuscated in the DoJ, but Carpenter has under his signature established his true character that Carpenter is an Inquisitor[1] in the subject matter jurisdiction and venue exercised by the Tax

---

[1] In *Laskowski v. Spellingings*, 443 F.3d 930, 941 (7th Cir. 2006), wherein the Seventh Circuit distinguishes the difference between a adversarial system and an inquisitorial system concerning plaintiff taxpayers with an inquisitor, to wit:

Opposition to Response     Page 2 of 20

Court of the United States, *i.e.* Article I of the Constitution of the Untied States and not under Article III.

**THIRD:** Inquisitor Carpenter is actually representing the Commissioner of the Internal Service ("C.I.R.") who has superintendence[2] of ONLY the "Internal Revenue Laws" codified in "Internal Revenue Laws" in 26 U.S.C. § 7803—Commission of Internal Revenue, other Officials "**(2) Duties.--The Commissioner** shall have such duties and powers as the **Secretary** may prescribe, including the power to.—(A) administer, manage, conduct, direct, and supervise the execution and application of the **internal revenue laws** or related statutes and tax conventions to which the United States is a party" in the "subject matter jurisdiction" and venue of the **Article I** "the Tax Court of the United States. This

---

It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ("**What makes a system adversarial rather than inquisitorial is ... the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself**, but instead **decides on the basis of facts and arguments pro and con adduced by the parties**.").

[2] 26 CFR § 601.101(a)—"The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general **superintendence** of the assessment and collection of all taxes imposed by **any law providing internal revenue.** [**"Internal Revenue Laws"**] The Internal Revenue Service is the agency by which these functions are performed.

Opposition to Response     Page 3 of 20

Court shall take judicial Notice that the C.I.R. is limited to strictly the superintendence of only the "Internal Revenue Laws" precluding the "Laws of the United States" arising under Article III and 28 U.S.C. § 1331.

Inquisitor Carpenter's appearance in this instant Case is an empty incantation—a mere conjurer's trick that he is representing the "United States" arising under Article III and 28 U.S.C. § 1331.    Inquisitor Carpenter interchangeably represents the C.I.R. and the "United States of America" which sovereign body politic[3], *i.e.*, Congress operating under the Plenary Power in the District of Columbia for the collection of the "Internal Revenue[4]".    Of course,

---

[3] Internal Revenue Tax Cases (1)   "Plaintiff, the **United States of America,** is a **sovereign body politic**." See *United States of America v. Charles Stevens*, 3-13-cv-375 Docket 1 [pg. 3 #6]—Complaint (USDC M.D.Fla. 2013); *United States of America v. James Edward MacAlpine*,   1-13-cv-63 Docket 1 [pg. 1, #5]—Complaint USDC W.D. N.C. 2013)

[4] *Kuretski v. C.I.R.*, 755F.3d 929, 939-941(D.C. Cir. 2014) "**Although the precise contours of the "public rights" doctrine are not fully formed,** *see Stern,* 131 S.Ct. at 2610; *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 51 n. 8, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989**), it is "settled" that the category of public rights includes matters of "internal revenue" and "taxation," at least at the pre-collection stage.** *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n,* 430 U.S. 442, 450–51 & nn. 8–9, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977) (internal quotation marks omitted); *see* **\*940** *Crowell v. Benson,* 285 U.S. 22, 50–51, 52 S.Ct. 285, 76 L.Ed. 598 (1932); **Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272, 284, 18 How. 272, 15 L.Ed. 372 (1856).** Congress therefore can constitutionally assign the adjudication of **pre-collection tax disputes to non-Article III tribunals.** *See Samuels, Kramer & Co. v. Comm'r,* 930 F.2d 975, 992 (2d Cir.1991) ("**The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the**

Inquisitor Carpenter, who is deemed to know the law[5], presumes that Leyshon, in not being an attorney, can be deceived by a misrepresentation of the "Internal Revenue Laws," which are subject to adjudication ONLY in the USDC and Court of Appeals in the District of Columbia, but these "Internal Revenue Laws" are prohibited from adjudication arising under the limited jurisdiction of the federal Courts within the several States including the 4th Circuit. See *Keller v. Potomac Electric Power Co. Inc.*, 262 U.S. 428, 442-444 (1923); *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926).

---

resolution of such disputes can be relegated to a non-Article III forum."), *abrogated on other grounds by Freytag,* 501 U.S. at 892, 111 S.Ct. 2631."

[5] *Groh v. Ramirez,* 540 U.S. 551, 563, 564 (2004), to wit:

"If the law was clearly established . . . **a reasonably competent public official should know the law governing his conduct**." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, **the judges being deemed to know the law or at least where it is to be found.**"

Opposition to Response    Page 5 of 20

**FOURTH:**   Inquisitor Carpenter has no standing in an Article III Court to issue his *ipse dixit* determinations as to the issue of a Denial of Due Process of Law[6] concerning Leyshon.    With Inquisitor Carpenter within the Article I subject matter jurisdiction and venue of the Article I Tax Court of the United States that adjudicates only the "public rights" doctrine[7] without any judicial determination[8],

---

[6] *Dent v. State of West Virginia*, 129 U.S. 114, 123, 124 (1889), to wit:

As we have said on more than one occasion, it may be difficult, if not impossible, to give to the terms **'due process of law'** a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as are forbidden. They come to us from the law of England, from which country our jurisprudence is to a great extent derived; and their requirement was there designed to secure the subject against the arbitrary action of the crown, and place him under the protection of the law. **They were deemed to be *124 equivalent to 'the law of the land.'* In this country the requirement is intended to have a similar effect against legislative power; that is, to secure the citizen against any arbitrary deprivation of his rights, whether relating to his life, his liberty, or his property**.

[7] *Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991), to wit:

The **Tax Court is the classic example of a forum that adjudicates "public rights."** The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum. *Crowell*, 285 U.S. at 50–51, 52 S.Ct. at 292; *Bakelite*, 279 U.S. at 450–51, 49 S.Ct. at 413; *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856).

[8] *Kuretski v. C.I.R.*, 755F.3d 929, 939-941(D.C. Cir. 2014) **At the same time, the Supreme Court has recognized a "category of cases involving 'public rights' " that Congress can constitutionally assign to non-Article III tribunals.** *Id.* at 2610 (quoting *Northern Pipeline*, 458 U.S. at 67, 102 S.Ct. 2858 (plurality opinion)). **The "public rights" category comprises disputes that " 'could be conclusively determined by the Executive and Legislative Branches' " <u>without</u>**

then Inquisitor Carpenter's *ipse dixit* determinations are within the parameters of Article I administrative law, *i.e.*, the "Internal Revenue Laws."

Inquisitor Carpenter seems quite familiar with the Federal Rules of Appellate Procedure ("FRAP") as he cites that this "Informal Rule Making" is very acceptable for Leyshon only and not the Attorneys. In Inquisitor Carpenter's pleading he cites his support for **FRAP 47—Local Rules by Courts of Appeal** (a) "A local rule must be consistent with—but not duplicative of—Acts of Congress and rules under 28 U.S.C. § 2072" * * * and " [M]ay regulate practice in a particular case in any manner consistent with **federal law**", not "Laws of the United States."

Inquisitor Carpenter's support of FRAP 47, *i.e.*, 28 U.S.C. § 2072 demonstrates that he completely understands and supports the statutory law that is the source of 28 U.S.C. § 2072. The source Statute at Large is found in **Attachment 1—48 Stat. 1064—To give the Supreme Court of the United States authority to make and publish rules in actions in law ("48 Stat. 1064)**[9], where we find "Said rules shall neither abridge, enlarge, nor modify the

---

**judicial intervention.** *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 589, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting *Northern Pipeline*, 458 U.S. at 68, 102 S.Ct. 2858).

[9] 48 Stat. 1064 codified at 28 U.S.C. § 723, and amended to 28 U.S.C. § 2072, 102 Stat. 4648 (1988).

substantive rights of any litigant. They shall take effect six months after their promulgation, and **thereafter all laws in conflict therewith shall be of no further force and effect of law**."

This locking of Leyshon to the "Informal Briefing" matches the "public rights" doctrine that is used exclusively by the Tax Court[10] where the "Laws of the United States" are precluded as "The Tax Court is in the business of **interpreting and applying the internal revenue laws** *see Fretag 501 U.S. at 891,* not in the business of making them" (*Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991), to wit:

> The **Tax Court is the classic example of a forum that adjudicates "public rights**." The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum. *Crowell,* 285 U.S. at 50–51, 52 S.Ct. at 292; *Bakelite,* 279 U.S. at 450–51, 49 S.Ct. at 413; *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856).

The preclusion of the Tax Court taking Judicial Notice of the Laws of

---

[10] *Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991), to wit:
The **Tax Court is the classic example of a forum that adjudicates "public rights**." The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum. *Crowell,* 285 U.S. at 50–51, 52 S.Ct. at 292; *Bakelite,* 279 U.S. at 450–51, 49 S.Ct. at 413; *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856).

United States, Federal Register, Congressional Record of the APA of 1946 and the Cases arising under Article III is evidenced in these two Cases , though there are more, with the FIRST case evidenced by **Attachment 2—*John Nix v. C.I.R.*, Docket Case No. 7392-09—Docket 48**, and **Attachment 3— *John Nix v. C.I.R.*, Docket Case No. 7392-09—Docket 49**, to wit:

> The Tax Court Denied to take Judicial Notice of the Statutes of the United States and the Federal Register in *John H. Nix III v. C.I.R.*, Docket. Case No. 7392-09, Dkt. 48—Judicial Notice of Administrative Procedure Act of 1946 ("APA 1946"), 60 Stat. 237-244 under the Rule of Evidence 201; and Dkt. 49—Judicial Notice of the Congressional Record Volume 92 part 5 (APA of 1946) under Rule of Evidence 201.

> The SECOND Case of Denial of taking Judicial Notice is evidenced

by **Attachment 4—*Lisa Webb Leyshon*, Docket Case No. 14071-11**, to wit:

> The Tax Court Denied taking Judicial Notice in *Lisa Webb Leyshon v. C.I.R.*, Docket Case No. 14071-11 in the ORDER in Dkt. 14 of the following:

>> a. 1946 Cong. Record and Leg. History of APA 1946; and,

>> b. Various Federal Register publications including 19 FR 5167-5168 (1954 Code), 25 FR 14021-14022, 25 FR 11402-12162 (Pt. 1 Subtitle A—Income Taxes (1960)) and Federal Register Act of 1935 - 49 Stat. 500-503, Sec. 7 "The contents of the Federal Register shall be judicially noticed and, without prejudice to any other mode of citation, may be cited by volume and page number."; 82 Stat. 1276 (1968); 44 U.S.C. § 1507; and,

>> c. All Cases of the Supreme Court of the United States and other Courts arising under Article III especially *Chrysler v. Brown*, 441 U.S. 281 (1979) on the mandatory use of 5 U.S.C. § 553(b)(c)(d) for regulations having the "force and effect of law,"

*i.e.*, creating a known legal duty.

**FIFTH:**  Inquisitor Carpenter states, to wit:

We do not agree with taxpayer's assertions that informal briefing denies him due process of law or is otherwise prejudicial or improper. Moreover, in light of the frivolous nature of taxpayer's arguments in the proceedings below, for which he was sanctioned (Doc. 19), we do not believe that formal briefs would better facilitate the Court's review of the issues in this case.

Inquisitor Carpenter *ispe dixit* determination "he was sanctioned (Doc. 19)," *ibid*, in the Tax Court by Inquisitor David Gustafson conjured "title" of "judge" is the foundation being "The Tax Court is in the business of **interpreting and applying the internal revenue laws** *see Fretag 501 U.S. at 891*, not in the business of making them" (*Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991) and adjudicates only "public rights."  See FN 7 and FN8 "without judicial intervention," *supra*.

**FIFTH (1)** Now in the "Informal Brief" form the 4th Circuit evidenced **Attachment 5—Informal Brief From 4th Circuit ("A5—Informal Brief")** we find on the following, to wit:

   1. **Jurisdiction (for appellants/petitioners only)**
   A. Name of court or agency from which review is sought:
   B. Date(s) of order or orders for which review is sought:

**NOTE:**  There is no "subject matter jurisdiction" that must be on the Record of the Lower Court (Tax Court) and of the 4th Circuit Court of Appeals for the 4th Circuit Court of Appeals arising under Article III in all Cases and Controversies

Opposition to Response     Page 10 of 20

exercising the judicial Power of the United States in the Informal Brief. As required by the Informal Brief, citing only the Tax Court and its ORDER invokes only the Article I "subject matter jurisdiction" that only the District of Columbia Court of Appeals can proceed as pronounced in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926), to wit:

> [A]nd **so may vest courts of the District with <u>administrative or legislative functions</u> which are not properly judicial, <u>it may not do so with this court, or any federal court established under article 3 of the Constitution.</u>** Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> '<u>**Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.**</u>

**FIFTH (2)**: In **A5—Informal Brief**, we find the following instructions required, to wit:

> 3. **Issues for Review** Use the following spaces to set **forth the facts** and argument in support of the issues you wish the Court of Appeals to consider. The **parties may cite case law, but citations are not required.**
>
> **Issue 1.**
> **Supporting Facts and Argument.**
> **Issue 2.**
> **Supporting Facts and Argument.**
> **Issue 3.**
> **Supporting Facts and Argument.**
> **Issue 4.**
> **Supporting Facts and Argument**

**4. Relief Requested Identify the precise action you want the Court of Appeals to take:**

**5. Prior appeals (for appellants/petitioners only)**

**NOTE:** In the "Informal Brief" only the **FACTS** are sought, wherein the 4th Circuit Court of Appeals arising under Article III in all Cases and Controversies exercising the judicial Power of the United States is PROHIBITED from being a "Fact Finder" but is to adjudicate only issues of the Laws of the United States and Contracts if applicable.

This "Informal Brief" parallels and duplicates the "Petition" to the Article I Tax Court of the United States with number 5 being "**Explain why you disagree [argument]** with the IRS determination in this case" and number 6 "State the **facts** upon which you rely" evidenced by **Attachment 6—Petition of Tax Court**.

And in **A5—Informal Brief,** "The **parties may cite case law, but citations are not required,"** therein precluding all of the "*stare decisis*" and precedents of the Courts of the United States arising under Article III.

This is shocking and unconscionable that Inquisitor Carpenter would endorse the undeniable attempt to deny all Pro Se litigants access to the Courts of the United States arising under Article III using the concerted efforts of the judges of the 4th Circuit Court of Appeals that have knowingly and intentionally conjured up the incantation approving and enacting Local Rule 34(a) in an attempt to validate the 4th Circuit Court of Appeals limiting **ONLY** "Pro Se(s)" to the "subject

Opposition to Response     Page 12 of 20

matter jurisdiction" and Venue of the Article I Section 8 Clause 17, which is limited strictly to the Federal Courts **within** the District of Columbia as held in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926), to wit:

> [A]nd **so may vest courts of the District with <u>administrative or legislative functions</u> which are not properly judicial, <u>it may not do so with this court, or any federal court established under article 3 of the Constitution.</u>** **Of** the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> '**<u>Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal</u>**.

**SIXTH:**  Now only Attorneys are Allowed to Use the Formal Briefing schedule evidenced by **Attachment 7—Formal Brief Schedule Requirements ("A7—Formal Briefing Req.").**

**NOTE:**  In the **A7—Formal Briefing Req.,** we find that a "Table of Authorities" is REQUIRED for "All briefs (**cases** alphabetically arranged, **statues** and **other authorities** with references to the page of the brief where they are cited."

Now in the "Informal Briefing" you are not required and nor is there any provision provided for relying upon the *stare decisis* and precedents in the Cases of the Courts of the United States arising under Article III, no provision for the "statues," *i.e.*, the Laws of the United States as they are prohibited in the Article I Tax Court of the United States.

Therefore only in the Formal Briefing Schedule is *state decisis*, precedents, Statutes of the United States adjudicated and used arising under Article III being a *sine qua non* of Due Process of Law. This is being denied to Leyshon!

In the Briefing ORDER of a Fourth Circuit Case using the Formal Briefing Schedule evidenced by **Attachment 8—Briefing ORDER – Civil ("A8— Briefing Order")**, we find "[F]ailure to file a response brief **will result in loss of the right to be heard at oral argument and may lead to imposition of sanctions if counsel has failed to comply with the court's directives**", which in the "Informal Briefing" a Response is "permitted" as is a Reply "permitted."

**SEVENTH:**    With the Informal Briefing imposed upon Leyshon Automatically by Local Rule 34(a), therein the judges of the 4th Circuit, by a mere Local Rule, overturn the holding on "Subject Matter Jurisdiction" must be on the Record and can't be waived for federal Courts arising under Article III within the several States as held in *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2014 (1982), to wit:

> **Federal courts are courts of limited jurisdiction.** The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. **Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction.** Again, this reflects the **constitutional source of federal judicial power:** Apart from this Court, that power only exists "**in such inferior Courts as the**

**Congress may from time to time ordain and establish**." Art. III, § 1.

**Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign**. Certain legal consequences directly follow from this. **For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant,** *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951), **and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings**. Similarly, a court, including an appellate court, **will raise lack of subject-matter jurisdiction on its own motion. "[T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record**." *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884), **FN9.**

> **FN9**. A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal. See *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

And further the judges in the 4th Circuit have by a mere local Rule

overturned the *stare decisis* and precedents of the Supreme Court of the

United States that is reserved only for the Supreme Court of the United

States including the precedent that that the "subject matter jurisdiction" must be on the record and this can't be waived by anyone including a mere "Pro Se" unwittingly.

In *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) (per curiam) "Needless to say, **only this Court may overrule one of its precedents.[11]**"

---

[11] *Hodgson v. State of Minnesota*, 646 F.Supp. 756, 774 (D.C.Minn. 1986); *American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. Of Educ.*, 84 F.3d 1471 (3rd. Cir. 1996); *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1364 (3rd Cir. 1990); *Panhorst v. United States*, 241 F.3d 367, 372 (4th Cir. 2001); *Spencer v. Sutton*, 239 F.3d 628, 631 (4th Cir. 2001); *Crawford v. Air Line Pilots Ass/n Intern.*, 992 F.2d 1295, 1303 (4th Cir. 1993); *United States v. Mclean*, 808 F.2d 1044, 1050 (4th Cir. 1987); *Freeman v. City of Dallas*, 242 F.3d 642, 658 (5th Cir. 2001) "A Federal Court of Appeals is bound by the decisions of the Supreme Court, even if the intermediate appellate judges think that a Supreme Court decision is unsound or in error." *Citing Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983); *Logan v. Denny's Inc.*, 259 F.3d 558, 581 (6th Cir. 2001); *Khan v. State Oil Co.*, 93 F.3d 1358, 1363 (7th Cir. 1996); *Levine v. Heffernan*, 864 F.2d 457, 461 (7th Cir. 1988); *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *Heath v. Varity Corp.*, 71 F.3d 256, 257 (7th Cir. 1995); *Automatic Sprinkle Corp. of America v. Daria Environmental Specialist Inc.*, 53 F.3d 181, 181 (7th Cir. 1995); *Gacy v. Welborn*, 994 F.2d 305, 310 (7th Cir. 1993); *United States v. Turner*, 689 F.3d 1117, 1128 (9th Cir. 2012); *Newdow v. Rio Linda Union School Dist.*, 597 F.3d 1007, 1075 (9th Cir. 2010); *United States v. Bird*, 359 F.3d 1185, 1189 (9th Cir. 2004); *United States v. Holt*, 264 F.3d 1215, 1239 (10th Cir. 2001); *Allapattah Services, Inc. V. Exxon Corp.*, 362 F.3d 739, 765 (11th Cir. 2004); *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1530 (11th Cir. 1991); *Hardwick v. Bowers*, 760 F.2d 1202, 1216 (11th Cir. 1985); *Jaffree v. Wallace*, 705 F.2d 1526, 1532 (11th Cir. 1983); *United States v. Askew*, 482 F.3d 532, 560 (D.C. Cir. 2007).

Opposition to Response    Page 16 of 20

In *United States v. Barnett*, 578 F.3d 600, 602 (8th Cir. 2009) ""[O]nly [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983)."

In *Wallace v. Jaffree*, 432 U.S. 38, FN 26, to wit:

> "**Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court**. *Hutto v. Davis*, [454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556] (1982).... Justice Rehnquist emphasized the importance of precedent when he observed that '**unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.**' *Davis*, [454 U.S. at 375, 102 S.Ct., at 706]. *See Also, Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, [460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260] (1983) (the Supreme Court, in a per curiam decision, recently stated: 'Needless to say, **only this Court may overrule one of its precedents**')." 705 F.2d, at 1532.

In *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 486 (1989) "If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions;" and, *Harmelin v. Michigan*, 501 U.S. 957, 963 (1991) "We thought that result so clear in light of *Rummel* that our *per curiam* opinion said the Fourth Circuit, in sustaining the constitutional challenge, "could be viewed as having ignored, consciously or unconsciously, the hierarchy of the federal court system," which could not be tolerated "unless we

wish anarchy to prevail."

"But unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.[12]" *Hutto v. Trenton*, 454 U.S. 370, 374 (1991).

## Conclusion

Leyshon has presented to the 4th Circuit Court of Appeals conclusive evidence that the Judges of the 4th Circuit have knowingly and intentionally conjured up the incantation under Rule 34(b) endorsed by Inquisitor Carpenter to deny Leyshon an Appellate Court of the United States arising under Article III for all Cases and Controversies exercising the judicial Power of the United States, which is a clear and convincing denial of Due Process of Law to Leyshon inducing and encouraging anarchy. See *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 486 (1989), *supra*.

And further the Judges of the 4th Circuit and Inquisitor are relying upon their allegedly superior understanding of Article I courts and Article III courts "subject

---

[12] *E.E.O.C. v. Konos, Inc.* , 694 F.3d 353, 362 (3rd Cir. 2012); *United States v. Kennedy*, 682 F.3d 244, 253 (3rd Cir. 2012); *Olatnju v. Ashcroft*, 387 F.3d 383, 400 (4th Cir. 2004); *Thomas v. St. Louis Bd. Of Police Com'rs*, 447 F.3d 1082, 1086 (8th Cir. 2006); *Cherokee Nation of Oklahoma v. Norton*, 389 F.3d 10741086 (10th Cir. 2004)

Opposition to Response      Page 18 of 20

matter jurisdiction" and venue to confine Leyshon to an Article I court as found in the Tax Court.

And further, it is quite apparent to Leyshon that only filing in a District Court of the United States adjudicating and exposing these *ultra vires* actions upon Pro Se litigants by the Judges of the 4th Circuit and Inquisitor Carpenter be remedied.

My Hand,

Curtis E. Leyshon     10/12/2015

## Certification of Service

I certify that that a true and correct copy of this Motion and the thirteen

attachments were went via USPS First Class to the following parties, to wit:

Clint Aaron Carpenter
U.S. Department of Justice, Tax Division
P.O. Box 502
Washington, D.C. 20044
202-514-4346 Phone
clint.a.carpenter@usdoj.gov


Chief Clerk Patricia Connor
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Date: _Oct 17 / 2015_

_Curtis E. Leyshon_
Signature

Filed:  September 17, 2015

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

### BRIEFING ORDER - CIVIL

---

No. 15-2019,   Mary Roberts v. Jay Roberts
                    5:15-cv-02099

Briefing shall proceed on the following schedule:

---

Appendix due: 10/27/2015

Opening brief due: 10/27/2015

Response brief due: 11/30/2015

Reply brief permitted within 14 days of service of response brief.

---

The briefs and appendix must conform to the Fourth Circuit Brief & Appendix
Requirements (available as a link from this order and at www.ca4.uscourts.gov).
All parties to a side must join in a single brief, even in consolidated cases, unless
the court has granted a motion for leave to file separate briefs pursuant to Local
Rules 28(a) and 28(d).

If a case has not been scheduled for a mediation conference, but counsel believes
such a conference would be beneficial, counsel should contact the Office of the
Circuit Mediator directly at 843-521-4022, and a mediation conference will be
scheduled. In such a case, the reason for scheduling the conference will be kept
confidential.

Failure to file an opening brief within the scheduled time will lead to dismissal of
the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response
brief will result in loss of the right to be heard at oral argument and may lead to
imposition of sanctions if counsel has failed to comply with the court's directives.
The court discourages motions for extension of time and grants extensions of the

briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately two month in advance of the session.

/s/ PATRICIA S. CONNOR, CLERK
By: Richard H. Sewell, Deputy Clerk

## Information About Filing a Case in the United States Tax Court

Attached are the forms to use in filing your case in the United States Tax Court.

It is very important that you take time to carefully read the information on this page and that you properly complete and submit these forms to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217.

<u>Small Tax Case or Regular Tax Case</u>

If you seek review of one of the four types of IRS Notices listed in paragraph 1 of the petition form (Form 2), you may file your petition as a "small tax case" if your dispute meets certain dollar limits (described below). "Small tax cases" are handled under simpler, less formal procedures than regular cases. However, the Tax Court's decision in a small tax case <u>cannot be appealed</u> to a Court of Appeals by the IRS or by the taxpayer(s).

You can choose to have your case conducted as either a small tax case or a regular case by checking the appropriate box in paragraph 4 of the petition form (Form 2). If you check neither box, the Court will file your case as a regular case.

<u>Dollar Limits</u>:  Dollar limits for a small tax case vary slightly depending on the type of IRS action you seek to have the Tax Court review:

(1) If you seek review of an IRS Notice of Deficiency, the amount of the deficiency (including any additions to tax or penalties) that you dispute cannot exceed $50,000 for any year.

(2) If you seek review of an IRS Notice of Determination Concerning Collection Action, the total amount of unpaid tax cannot exceed $50,000 for all years combined.

(3) If you seek review of an IRS Notice of Determination Concerning Your Request for Relief From Joint and Several Liability (or if the IRS failed to send you any Notice of Determination with respect to a request for spousal relief that you submitted to the IRS at least 6 months ago), the amount of spousal relief sought cannot exceed $50,000 for all years combined.

(4) If you seek review of an IRS Notice of Determination of Worker Classification, the amount in dispute cannot exceed $50,000 for any calendar quarter.

<u>Enclosures</u>

To help ensure that your case is properly processed, please enclose the following items when you mail your petition to the Tax Court:

1.    A copy of the Notice of Deficiency or Notice of Determination the IRS sent you;

2.    Your Statement of Taxpayer Identification Number (Form 4);

3.    The Request for Place of Trial (Form 5); and

4.    The $60 filing fee, payable by check, money order, or other draft, to the "Clerk, United States Tax Court"; or, if applicable, the fee waiver form.

For further important information, see the Court's Web site at www.ustaxcourt.gov or the "Persons Representing Themselves Before the U.S. Tax Court" booklet available from the Tax Court.

**Attachment - page 1 of 5**

# UNITED STATES TAX COURT

www.ustaxcourt.gov

(FIRST)    (MIDDLE)    (LAST)

_____
(PLEASE TYPE OR PRINT)    Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

}

Docket No.

## PETITION

1. Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☐ Notice of Deficiency

☐ Notice of Determination Concerning Your Request for Relief From Joint and Several Liability. (If you requested relief from joint and several liability but the IRS has not made a determination, please see the Information for Persons Representing Themselves Before the U.S. Tax Court booklet or the Tax Court's Web site.)

☐ Notice of Determination Concerning Collection Action

☐ Notice of Determination Concerning Worker Classification

2. Provide the date(s) the IRS issued the NOTICE(s) checked above and the city and State of the IRS office(s) issuing the NOTICE(S): _____

3. Provide the year(s) of period(s) for which the NOTICE(S) was/were issued: _____

4. SELECT ONE OF THE FOLLOWING:

If you want your case conducted under small tax case procedures, check here:    ☐    **(CHECK**
If you want your case conducted under regular tax case procedures, check here:    ☐    **ONE BOX)**

NOTE: A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

_____

_____

_____

_____

_____

_____

_____

_____

**Attachment - page 2 of 5**    T.C. FORM 2 (REV. 5/11)

6.  State the facts upon which you rely  (please list each point separately):

_____

_____

_____

_____

_____

_____

_____

_____

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts.  Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:  Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☐  A copy of the Determination or Notice the IRS issued to you

☐  Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☐  The Request for Place of Trial (Form 5)        ☐  The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will <u>not</u> be part of the Court's public files. All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will become part of the Court's public files.  To protect your privacy, you are <u>strongly</u> encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case Files", available at <u>www.ustaxcourt.gov</u>.

_____        _____
SIGNATURE OF PETITIONER          DATE                (AREA  CODE) TELEPHONE NO.

_____        _____
MAILING ADDRESS                                        CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____

_____        _____
SIGNATURE OF ADDITIONAL PETITIONER (e.g.,SPOUSE)   DATE     (AREA  CODE) TELEPHONE NO.

_____        _____
MAILING ADDRESS                                        CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____

_____        _____    _____
SIGNATURE OF COUNSEL, IF RETAINED  BY PETITIONER(S)     NAME OF COUNSEL        TAX COURT BAR NO.

_____        _____    _____
MAILING ADDRESS, CITY, STATE, ZIP CODE              DATE        (AREA CODE) TELEPHONE NO.

**Attachment - page 3 of 5**

# UNITED STATES TAX COURT

www.ustaxcourt.gov

_____
Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. _____

## STATEMENT OF TAXPAYER IDENTIFICATION NUMBER

(E.g., Social Security number(s), employer identification number(s))

Name of Petitioner _____

Petitioner's Taxpayer Identification Number _____

Name of Additional Petitioner _____

Additional Petitioner's Taxpayer Identification Number _____

If either petitioner is seeking relief from joint and several liability on a joint return pursuant to Section 6015, I.R.C. 1986, and Rules 320 through 325, name of the other individual with whom petitioner filed a joint return:

_____

Taxpayer Identification Number of the other individual, if available:

_____

_____     _____
SIGNATURE OF PETITIONER OR COUNSEL              DATE

_____     _____
SIGNATURE OF ADDITIONAL PETITIONER              DATE

T.C. FORM 4 (01/08)

**Attachment - page 4 of 5**

# UNITED STATES TAX COURT
## www.ustaxcourt.gov

_____

      Petitioner(s)

      v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent

                  Docket No.

## REQUEST FOR PLACE OF TRIAL

**PLACE AN "X" IN ONLY ONE BOX TO REQUEST THE PLACE OF TRIAL. IF PETITIONER(S) ELECTED TO HAVE THE CASE CONDUCTED AS A SMALL TAX CASE, REQUEST ANY CITY LISTED BELOW; OTHERWISE, REQUEST ANY CITY NOT MARKED WITH AN ASTERISK (\*).**

ALABAMA
- ☐ Birmingham
- ☐ Mobile

ALASKA
- ☐ Anchorage

ARIZONA
- ☐ Phoenix

ARKANSAS
- ☐ Little Rock

CALIFORNIA
- ☐ Fresno*
- ☐ Los Angeles
- ☐ San Diego
- ☐ San Francisco

COLORADO
- ☐ Denver

CONNECTICUT
- ☐ Hartford

DISTRICT OF COLUMBIA
- ☐ Washington

FLORIDA
- ☐ Jacksonville
- ☐ Miami
- ☐ Tallahassee*
- ☐ Tampa

GEORGIA
- ☐ Atlanta

HAWAII
- ☐ Honolulu

IDAHO
- ☐ Boise
- ☐ Pocatello*

ILLINOIS
- ☐ Chicago
- ☐ Peoria*

INDIANA
- ☐ Indianapolis

IOWA
- ☐ Des Moines

KANSAS
- ☐ Wichita*

KENTUCKY
- ☐ Louisville

LOUISIANA
- ☐ New Orleans
- ☐ Shreveport*

MAINE
- ☐ Portland*

MARYLAND
- ☐ Baltimore

MASSACHUSETTS
- ☐ Boston

MICHIGAN
- ☐ Detroit

MINNESOTA
- ☐ St. Paul

MISSISSIPPI
- ☐ Jackson

MISSOURI
- ☐ Kansas City
- ☐ St. Louis

MONTANA
- ☐ Billings*
- ☐ Helena

NEBRASKA
- ☐ Omaha

NEVADA
- ☐ Las Vegas
- ☐ Reno

NEW MEXICO
- ☐ Albuquerque

NEW YORK
- ☐ Albany*
- ☐ Buffalo
- ☐ New York City
- ☐ Syracuse*

NORTH CAROLINA
- ☐ Winston-Salem

NORTH DAKOTA
- ☐ Bismarck*

OHIO
- ☐ Cincinnati
- ☐ Cleveland
- ☐ Columbus

OKLAHOMA
- ☐ Oklahoma City

OREGON
- ☐ Portland

PENNSYLVANIA
- ☐ Philadelphia
- ☐ Pittsburgh

SOUTH CAROLINA
- ☐ Columbia

SOUTH DAKOTA
- ☐ Aberdeen*

TENNESSEE
- ☐ Knoxville
- ☐ Memphis
- ☐ Nashville

TEXAS
- ☐ Dallas
- ☐ El Paso
- ☐ Houston
- ☐ Lubbock
- ☐ San Antonio

UTAH
- ☐ Salt Lake City

VERMONT
- ☐ Burlington*

VIRGINIA
- ☐ Richmond
- ☐ Roanoke*

WASHINGTON
- ☐ Seattle
- ☐ Spokane

WEST VIRGINIA
- ☐ Charleston

WISCONSIN
- ☐ Milwaukee

WYOMING
- ☐ Cheyenne*

_____
Signature of Petitioner(s) or Counsel

_____
Date

T.C. FORM 5 (REV. 09/10)

**Attachment - page 5 of 5**

## FOURTH CIRCUIT BRIEF & APPENDIX REQUIREMENTS

### BRIEF CONTENTS – See Federal & Local Rules 28, 28.1, 29 for complete information.

| Required Contents | Brief Type |
|---|---|
| Brief Cover | All briefs.<br>Brief Cover-District Court Appeal, Brief Cover-Agency Appeal |
| Corporate Disclosure Statement | If disclosure statement required by Loc. R. 26.1, copy must be included in initial brief of party or amicus. |
| Table of Contents | All briefs |
| Table of Authorities | All briefs (cases alphabetically arranged, statutes and other authorities, with references to the page of the brief where they are cited) |
| Statement of identity, interest & authority to file | Amicus briefs |
| Statement regarding participation by parties, their attorneys, or other persons in funding or authoring the brief | Amicus briefs |
| Jurisdictional Statement (subject matter & appellate jurisdiction) | Opening briefs and opening/response briefs |
| Statement of Issues | Opening briefs and opening/response briefs |
| Statement of Case (relevant facts with appendix references, procedural history, rulings presented for review) | Opening briefs.  Not required in appellee's response or opening/response brief if appellee is satisfied with appellant's statement of case. |
| Summary of Argument (succinct statement of arguments) | All except reply and amicus briefs |
| Argument (discussion of issues, with standard of review stated either in a separate heading before the discussion of issues or placed in the discussion) | Argument section is required in all briefs. Statement of standard of review is required only in opening and opening/response briefs unless the responding party is dissatisfied with the stated standard. |
| Conclusion (relief sought) | Opening briefs and opening/response briefs |
| Request for Oral Argument (if any) | Opening, opening/response, and response briefs |
| Signature of Counsel | All briefs |
| Certificate of Compliance with typeface and length limitations | All briefs. Not required if brief is within applicable page limitations.<br>Form-Certificate of Compliance |
| Certificate of Service | All briefs.<br>Form-Certificate of Service, Form-Certificate of Service of Anders Brief |

### BRIEF FORMAT – See Federal & Local Rules 28, 28.1 & 32 and Standing Order 14-01 for complete information.

| | |
|---|---|
| Cover Color: Standard Schedule | Blue for opening. Red for response. Gray for reply. |
| Cover Color: Cross-appeal Schedule | Blue for opening. Red for opening/response. Yellow for response/reply. Gray for reply. |
| Cover Color: Amicus or Intervenor | Green |
| Cover Color: Supplemental | Tan |
| Cover Color: Electronic | White or same color as paper cover. |
| Brief Cover Content | Fourth Circuit docket number, centered at top (do not include district or agency docket number), followed by "United States Court of Appeals for the Fourth Circuit," followed by full case title, followed by "Appeal from the U.S. District Court for the District of ...," followed by "Brief of Appellant |

| | |
|---|---|
| | John Doe," followed by names, addresses, and phone numbers of counsel participating in preparation of brief. |
| Brief Binding | Binding must be secure down full left side and must not obscure text. Acceptable bindings include spiral, chesire, and perfect binding (no staples or clips). |
| Brief Paper | 8 ½ x 11" light paper with clear black image, and 1" margin on all sides. |
| Brief Text | Text must be double-spaced (quotes > 2 lines, headings, & footnotes may be single-spaced but may not be in a smaller font size.  Electronic version must be text-searchable. |
| Appendix References in Brief | References in support of factual statements must be to the appendix (or to the administrative record if it is adopted as the appendix). If electronic appendix excerpts are filed, rather than a full electronic appendix, parallel references must be provided to the paper appendix and to the district court docket entry and page number (JA 25; DE 3 at 20). |
| Hyperlinks in Brief | Hyperlinks may be included to other portions of the same document, other documents filed on appeal, documents in the district court record, statutes, rules, regulations, or opinions. Citations must be provided in addition to any hyperlink. |
| Addenda & Attachments to Briefs | Copies of statutes, rules, regulations, and unpublished dispositions may be included in an addendum at the end of the brief. If counsel wishes to supplement the brief with any other matters, the additional material must be presented to the court under separate cover, accompanied by a motion to file the material as an attachment to the brief. Unpublished dispositions that are not available in a publicly accessible electronic database must be included in an addendum or attachment. |
| Brief Font | If a proportional font is used (e.g., Times New Roman), font size must be 14 point. If a monospaced font is used (e.g., Courier New), font size must be 12 point.  If a proportional font is used, the typeface must have serifs (small horizontal or vertical strokes at the ends of the letters). Sans-serif type, such as Arial, may not be used except in captions and headings. |
| Length of opening brief, response brief & response/reply brief (excluding corporate disclosure statement, table of contents, table of authorities, request for argument, addendum, certificate of compliance, certificate of service) | ≤ 30 pages or ≤ 14,000 words or ≤ 1,300 lines (applies only to monospaced font) 200 additional words are allowed if parallel references are required to paper appendix and district court docket entry and page number. |
| Length of opening/response brief (excluding corporate disclosure statement, table of contents, table of authorities, request for argument, addendum, certificate of compliance, certificate of service) | ≤ 35 pages or ≤ 16,500 words or ≤ 1,500 lines (applies only to  monospaced font) 200 additional words are allowed if parallel references are required to paper appendix and district court docket |
| Length of reply brief or amicus brief (excluding table of contents, table of authorities, certificate of compliance, certificate of service) | ≤ 15 pages for reply or amicus brief or ≤ 7,000 words for reply or amicus brief or ≤ 650 lines (applies only to monospaced font) An amicus brief in support of an opening /response brief in a cross-appeal may contain up to 8,250 words. |

Note:  When using Microsoft Word to review the "Word Count," you must select the check box next to "include textboxes, footnotes and endnotes" in the Word Count dialogue window for footnotes to be included in the total.

| | |
|---|---|
| Brief Copies | Single-sided copying is required.<br>In addition to 1 electronic version, file 8 paper copies (6 if party is represented by appointed counsel; 4 if party is proceeding in forma pauperis without appointed counsel.)<br><br>For briefing orders after September 1, 2014 - Standing Order 14-01 in appointed counsel and in forma pauperis cases: File 1 electronic and 1 paper copy of briefs and appendices.  If the case is tentatively calendared for oral argument, all filers are required to file 3 additional paper copies of the briefs and appendices within 10 days.<br><br>Service of paper copies is not required for parties served electronically through ECF. |
| Sealed and Public Versions of Briefs | If sealed information is included in the brief, counsel must file both sealed and public versions of the brief.<br><br>File 1 electronic and 4 paper copies of the sealed version of the brief, with sealed material highlighted, and file a **certificate of confidentiality**.<br><br>For briefing orders after September 1, 2014 - Standing Order 14-01 in appointed counsel and in forma pauperis cases: File 1 electronic and 1 paper copy of briefs and appendices.  If the case is tentatively calendared for oral argument, all filers are required to file 3 additional paper copies of the briefs and appendices within 10 days.<br><br>Service of paper copies of the sealed version of briefs is required since parties cannot access the electronic version.<br><br>Form-Certificate of Confidentiality<br>Memorandum on Sealed and Confidential Materials |
| **APPENDIX CONTENT – See Federal & Local Rules 30 & Local Rule 25(a)(1)(D) for complete information.** | |
| Required Appendix Contents | The parties should include in the joint appendix all portions of the record necessary to review of the matters presented. Failure to include all necessary portions will result in return of the appendix for correction. The following must be included in the appendix in chronological order on consecutively numbered pages:<br>• Cover<br>• Table of contents<br>• District court docket report<br>• Complaint as finally amended (civil) or indictment (criminal)<br>• Relevant portions of pleadings, transcript, charge, findings, opinions<br>• Final opinion and order appealed<br>• Notice of appeal |
| Appendix Table of Contents | A detailed table of contents is required. When transcript is included, each witness must be identified, along with the page on which that witness's testimony begins. Exhibits must be identified by number, description, and page on which they begin. |
| Criminal Presentence Reports and Statements of Reasons | The presentence report and statement of reasons must be included in a sealed volume of  appendix in any appeal raising a sentencing guideline challenge. |
| Appeals under Anders v. California, 386 U.S. 738 (1967) | Appendices are not filed in Anders appeals; instead, the court obtains and reviews the record. Appendix costs are not reimbursable under the CJA in |

| | |
|---|---|
| | Anders cases unless the court has directed or authorized filing of an appendix. |
| Administrative Records | If the agency files the administrative record in electronic form, appellant may adopt the administrative record in lieu of filing an electronic appendix by filing 4 paper copies of the Administrative Record securely bound down the left side, with a white cover. Double-sided copying is preferred.<br><br>For briefing orders after September 1, 2014 - Standing Order 14-01 in appointed counsel and in forma pauperis cases: Appellant may adopt the administrative record in lieu of filing an electronic appendix by filing 1 paper copy of the Administrative Record securely bound down the left side, with a white cover. Double-sided copying is preferred. If the case is tentatively calendared for oral argument, all filers are required to file 3 additional paper copies of the briefs and appendices within 10 days, and appellant must file 3 additional paper copies of the Administrative Record.<br><br>In **social security appeals**, appellant must also file electronic and paper versions of an appendix containing any district court documents necessary for appellate review. If the administrative record is filed in paper form in a social security appeal, appellant must include any necessary documents from both the administrative record and the district court record in the electronic and paper versions of the appendix. |
| **APPENDIX FORMAT – See Federal & Local Rules 31 & 32 & Local Rule 25(a)(1)(D) and Standing Order 14-01 for complete information.** ||
| Full Electronic Appendix (option 1) | Appendices must be filed in electronic and paper form. Under option 1, appellant files the full appendix in electronic form, separately filing any sealed documents as a sealed appendix. |
| Electronic Appendix Excerpt (option 2) | Under option 2, appellant files an electronic appendix excerpt containing the following excerpts from the appendix:<br>• any sealed documents (filed as a sealed appendix);<br>• any paper documents<br>• any party filings in a social security case<br>• any pertinent opinion, findings, magistrate report, or bankruptcy opinion<br>• the opinion and order being appealed<br>• the notice of appeal<br>The excerpts should appear in the same order and with the same page numbers as in the full paper appendix. When the electronic excerpt option is used, all references in the brief must be to both the full paper appendix and the docket entry and page number of the district court record (JA 81; DE 20 at 5). With the electronic excerpt option, 200 additional words are allowed for principal briefs due to the parallel citation requirement. |
| Appendix Text | Electronic version is not required to be text-searchable. |
| Appendix Cover | Appendix covers are white and contain the following information: Fourth Circuit docket number, centered at top (do not include district or agency docket number), followed by "United States Court of Appeals for the Fourth Circuit," followed by full case title, followed by "Appeal from the U.S. District Court for the District of ...," followed by "Appendix," followed by names, addresses, and phone numbers of **counsel on both sides of the case.**<br><br>Appendix Cover-District Court Appeal, Appendix Cover-Agency Appeal |
| Appendix Binding | Appendices must be securely bound down full left side in a manner that does not obscure text and permits the appendix to lie reasonably flat when |

| | |
|---|---|
| | open. Acceptable bindings include spiral, chesire, and perfect binding (no staples or clips). Each bound volume should not exceed 1 ½" in thickness. |
| Transcript | The name of the testifying witness and type of examination (direct, cross, deposition) must be clearly indicated at the top of each page of in-court or deposition testimony included in the appendix. The court will not accept appendices containing "condensed" transcript wherein several pages of transcript appear on a single sheet. |
| Length of Appendices | In court-appointed cases, if the appendix exceeds 250 sheets (500 pages) without leave of court, reimbursement of copying costs will be limited to 250 sheets. |
| Appendix Copies | Double-sided copying of appendices is preferred in all cases, but required in a court-appointed case.<br><br>File 6 paper copies (5 if party is represented by appointed counsel; 4 if party is proceeding in forma pauperis without appointed counsel; 4 in immigration cases; and 4 for exhibit volumes).<br><br>For briefing orders after September 1, 2014 - Standing Order 14-01 in appointed counsel and in forma pauperis cases: File 1 electronic and 1 paper copy of briefs and appendices. If the case is tentatively calendared for oral argument, all filers are required to file 3 additional paper copies of the briefs and appendices within 10 days.<br><br>Service of paper copies is not required for parties served electronically through ECF with the full electronic appendix (option 1). Service of paper copies is required if an electronic appendix excerpt (option 2) was used. |
| Sealed Appendix Volumes | Sealed record documents that are included in the appendix must be placed in a separate, sealed volume of the appendix. In consolidated criminal appeals, these materials must be separately sealed as to each defendant by marking the volume and envelope as SEALED – [DEFENDANT'S NAME] and serving the volume only on the government and counsel for the named defendant.<br><br>File 1 electronic copy and 4 paper copies of sealed volumes of appendix, and file a **certificate of confidentiality**.<br><br>For briefing orders after September 1, 2014 - Standing Order 14-01 in appointed counsel and in forma pauperis cases: File 1 electronic and 1 paper copy of briefs and appendices. If the case is tentatively calendared for oral argument, all filers are required to file 3 additional paper copies of the briefs and appendices within 10 days.<br><br>Service of paper copies of the sealed appendix volumes is required since parties cannot access the electronic version.<br><br>Form-Certificate of Confidentiality<br>Memorandum on Sealed and Confidential Materials |

| ECF FILING EVENTS | |
|---|---|
| **Document** | **ECF event** |
| Public Brief | BRIEF (formal, non-sealed briefs/electronic & paper form)<br>Amicus Curiae/Intervenor Brief (with appearance of counsel form) |
| Sealed Version of Brief | SEALED BRIEF<br>Certificate of confidentiality |

| Rule 30(c) Page-Proof Brief filed under Rule 30(c) schedule prior to final brief | Rule 30(c) page-proof opening brief (no paper copies required)<br>Rule 30(c) page-proof opening/response brief (no paper copies required)<br>Rule 30(c) page-proof response brief (no paper copies required)<br>Rule 30(c) page-proof response/reply brief (no paper copies required) |
|---|---|
| Public Appendix | APPENDIX (electronic & paper form)<br>Counsel must indicate in the APPENDIX event whether the district court's 90-day public hold period has expired for any transcript included in the appendix, so that the court can make the appendix available for public access the same date it becomes available on the district court docket. |
| Sealed Volume of Appendix | SEALED APPENDIX<br>Certificate of confidentiality |
| Administrative Record filed electronically by government | Administrative record (electronic form) |
| Administrative Record filed in paper form by government | Notice of paper filing |
| Administrative Record adopted by appellant & paper copies filed | Administrative record adopted (paper copies filed) |

1064     73d CONGRESS.   SESS. II.   CHS. 651, 652.   JUNE 19, 1934.

[CHAPTER 651.]

AN ACT

June 19, 1934.
[S. 3040.]
[Public, No. 415.]

To give the Supreme Court of the United States authority to make and publish rules in actions at law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect.

Supreme Court of United States.
Power to prescribe rules in civil actions at law.

Rights of litigant.
Effective date.

Sec. 2. The court may at any time unite the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both: *Provided, however,* That in such union of rules the right of trial by jury as at common law and declared by the seventh amendment to the Constitution shall be preserved to the parties inviolate. Such united rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session.

Rules in equity and law may be united.

*Proviso.*
Right of trial by jury.

Effective date of united rules.

Approved, June 19, 1934.

----

[CHAPTER 652.]

AN ACT

June 19, 1934.
[S. 3285.]
[Public, No. 416.]

To provide for the regulation of interstate and foreign communication by wire or radio, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Communications Act of 1934.

## Title I—General Provisions

Purposes of Act.

### PURPOSES OF ACT; CREATION OF FEDERAL COMMUNICATIONS COMMISSION

Section 1. For the purpose of regulating interstate and foreign commerce in communication by wire and radio so as to make available, so far as possible, to all the people of the United States a rapid, efficient, Nation-wide, and world-wide wire and radio communication service with adequate facilities at reasonable charges, for the purpose of the national defense, and for the purpose of securing a more effective execution of this policy by centralizing authority heretofore granted by law to several agencies and by granting additional authority with respect to interstate and foreign commerce in wire and radio communication, there is hereby created a commission to be known as the "Federal Communications Commission", which shall be constituted as hereinafter provided, and which shall execute and enforce the provisions of this Act.

Federal Communications Commission created.

Application of Act.

### APPLICATION OF ACT

Sec. 2. (a) The provisions of this Act shall apply to all interstate and foreign communication by wire or radio and all interstate and foreign transmission of energy by radio, which originates and/or is received within the United States, and to all persons engaged within the United States in such communication or such transmission of energy by radio, and to the licensing and regulating of all

To interstate and foreign communications; transmission of energy by radio.

Persons to whom applicable.

US TAX COURT
RECEIVED

JMP



US TAX COURT
eFILED

FEB 22 2012

FEB 22 2012
10:15 PM

UNITED STATES TAX COURT

JOHN H. NIX III,                              )
                                             )
                    Petitioner,              )
                                             )
          v.                                 )        Docket No.  7392-09
                                             )
COMMISSIONER  OF  INTERNAL  REVENUE,         )                   24620-09
                                             )
                    Respondent               )

## MOTION TO MOVE COURT TO TAKE JUDICIAL NOTICE

Petitioner motion to move Court, to take judicial notice of the of the Congressional Record

volume 92  part 5, proceedings and debates of the 79th Congress second session under rule 201

of  the Federal Rules of Evidence.


John H. Nix III
8451 W GATE PKWY APT 1140
JACKSONVILLE, FL 32216
904-434-2900
11-17-2009


US TAX COURT
D E N I E D

FEB 27 2012

SERVED Feb 28 2012
Attachment 2 - page 1 of 2

(Signed) Elizabeth Crewson Paris
Judge

DOCKET NO. 7392-09   24620-09

## CERTIFICATE OF SERVICE

This is to certify that a copy of all 3 motions to take judicial notice were served on

respondent by certified mail on 2-21-2012 to the address below.

Randall B. Childs
STOP C, RM. 240
400 W. BAY ST.
JACKSONVILLE, FL 32202

John H. Nix III
8451 W. GATE PKWY
APT. 1140
JACKSONVILLE, FL. 32216
904-434-2900



US TAX COURT
eFILED

FEB 22 2012

JMP

US TAX COURT
RECEIVED

FEB 22 2012
10:16 PM

UNITED STATES TAX COURT

JOHN H. NIX III,                          )
                                          )
            Petitioner,                   )
                                          )
       v.                                 )      Docket No.  7392-09
                                          )
COMMISSIONER OF INTERNAL REVENUE,         )            24620-09
                                          )
            Respondent                    )

**MOTION TO MOVE COURT TO TAKE JUDICIAL NOTICE**

Petitioner motion to move Court, to take judicial notice of the The Federal Register Act

of 1935—49 Stat. 500-403 as amended and codified in 44 U.S.C. § 1501-1511.

under rule 201 of the Federal Rules of Evidence.

John H. Nix III
8451 W GATE PKWY APT 1140
JACKSONVILLE, FL 32216
904-434-2900
11-17-2009

US TAX COURT
D E N I E D

FEB 27 2012

Attachment 3 - page 1 of 2

SERVED Feb 28 2012

(Signed) Elizabeth Crewson Paris
Judge

DOCKET NO. 7392-09    24620-09

## CERTIFICATE OF SERVICE

This is to certify that a copy of all 3 motions to take judicial notice were served on

respondent by certified mail on 2-21-2012 to the address below.

Randall B. Childs
STOP C, RM. 240
400 W. BAY ST.
JACKSONVILLE, FL 32202

John H. Nix III
8451 W. GATE PKWY
APT. 1140
JACKSONVILLE, FL. 32216
904-434-2900

**Attachment 3 - page 2 of 2**

CMS

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217

| | |
|---|---|
| LISA WEBB LEYSHON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No.  14071-11. |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent | ) |

## O R D E R

This case is calendared for trial at the Session of the Court commencing in Winston-Salem, North Carolina, on May 14, 2012.

On April 30, 2012, petitioner filed the following documents:  (1) Motion for Court to Take Judicial Notice of the Congressional Record; (2) Motion for Court to Take Judicial Notice of All Holdings of the Supreme Court of the United States and Other Courts; (3) Motion for Court to Take Judicial Notice of All of the Federal Register; and (4) Opposition as to the Court's Order to Show Cause Dated March 28, 2012.

In reviewing these documents it should be noted that all the materials subject to these motions are in the nature of authorities which may be cited but they are not evidence and therefore these motions are inappropriate.

Given due consideration to the foregoing, it is hereby

ORDERED that petitioner's Motion for Court to Take Judicial Notice of the Congressional Record, filed April 30, 2012, is denied.  It is further

ORDERED that petitioner's Motion for Court to Take Judicial Notice of All Holdings of the Supreme Court of the United States and Other Courts, filed April 30, 2012, is denied.  It is further

ORDERED that petitioner's Motion for Court to Take Judicial Notice of All of Federal Register, filed April 30, 2012, is denied.  It is further

ORDERED that the Court's Order to Show Cause Dated March 28, 2012, is calendared for hearing during the Court's May 14, 2012, Winston-Salem, North Carolina, trial session at a time and date to be determined at the call of this case.  The parties are hereby advised to appear

- 2 -

Docket No. 14071-11

at the calendar call of this Session of the Court commencing at 10:00 a.m., on May 14, 2012, to set a date/time certain for hearing .

**(Signed) Joseph Robert Goeke**
**Judge**

Dated: Washington, D.C.
       May 1, 2012

Filed:  September 4, 2015

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

INFORMAL BRIEFING ORDER
TAX COURT CASES

---

**No.**  15-2020,     Curtis E. Leyshon v. Commissioner of IRS
020983-13

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. The case shall proceed on an informal briefing schedule pursuant to Local Rule 34(b). The Informal Brief Form is attached. Informal briefs shall be served and filed within the time provided in the following schedule. Only the original informal brief is required; no copies need be filed unless requested by the court.

Record due from tax court: 10/05/2015

Informal opening brief due: 09/28/2015

Informal response brief permitted within 17 days of filing of informal opening brief

Informal reply brief permitted within 13 days of filing of informal response brief, if any.

If the informal opening brief is not served and filed within the scheduled time, the case will be subject to dismissal pursuant to Local Rule 45 for failure to prosecute. Extensions of briefing deadlines are not favored by the court and are granted only for good cause stated in writing.

The court will not consider issues that are not specifically raised in the informal opening brief. If a transcript is necessary for consideration of an issue, appellant must order the transcript within 14 days of filing the notice of appeal, using the court's **Transcript Order Form**. Parties who qualify to proceed without

prepayment of fees and costs may apply for preparation of the transcript at government expense. A motion for transcript at government expense filed in the Court of Appeals should be filed together with and will be considered in light of the informal opening brief.

The record is filed in the Court of Appeals in pro se cases; no appendix is required. Any party wishing to review the record in the clerk's office must make advance arrangements to do so.

The court will not appoint counsel or schedule a case for oral argument unless it concludes, after having reviewed the informal opening brief, that the case cannot be decided on the basis of the informal briefs and the record.

Counsel filing an informal brief must complete and file an **Appearance of Counsel** form with the informal brief.

Parties in civil appeals **must** file a **Disclosure of Corporate Affiliations** within **14 days** of the informal briefing order, except that a disclosure statement is **not** required from the United States, from indigent parties, or from state or local governments in pro se cases.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

/s/ PATRICIA S. CONNOR, CLERK
By: Ashley B. Webb, Deputy Clerk

Copies:   Robert R. Di Trolio
          UNITED STATES TAX COURT
          400 2nd Street, NW
          Washington, DC 20217-0000

          Curtis E. Leyshon
          915 North Pine Run Road
          Boone, NC 28607

          Olivia H. Rembach
          INTERNAL REVENUE SERVICE

Alamance Building, Mail Stop 2
4905 Koger Boulevard
Suite 102
Greensboro, NC 27407-2734

Amy Dyar Seals
INTERNAL REVENUE SERVICE
Alamance Building, Mail Stop 2
4905 Koger Boulevard
Greensboro, NC 27407-2734

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DIRECTIONS FOR INFORMAL BRIEF

1. **Preparation of Brief**. The Court will consider this case according to the written issues, facts, and arguments presented in the Informal Briefs. Space is provided to present up to four issues. Additional issues may be presented by attaching additional sheets. The Court will not consider issues that are not specifically raised in the Informal Briefs. Informal Briefs must be legible and concise, and any attached pages must be sequentially numbered. Informal Briefs may be filed on the form provided or in memorandum or formal briefing format.

2. **Copies required.**
* File the original of the Informal Brief with the Court. If you would like a file stamped copy returned, send an extra copy and a self addressed stamped envelope. The Court's address is:
Clerk
U.S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219
* Send one copy of the Informal Brief to each of the parties in the case.

3. **Certificate of Service Required.** You must certify that you sent each of the other parties or attorneys complete copies of all documents you send the Court. Service on a party represented by counsel shall be made on counsel. Be certain that your certificate shows the complete name and address of each party or attorney to whom copies were sent and the date of mailing.

4. **Signature Required.** You must sign your Informal Brief and all Certificates of Service. If the Informal Opening Brief is not signed, the case will be subject to dismissal under this Court's Local Rule 45.

---

**DOCUMENTS ARE SCANNED INTO ELECTRONIC FORM AND POSTED TO THE DOCKET. DO NOT USE STAPLES, TAPE OR BINDING.**

---

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

**No.** 15-2020,      Curtis E. Leyshon v. Commissioner of IRS

020983-13

## 1. Jurisdiction (for appellants/petitioners only)

A. Name of court or agency from which review is sought:


B. Date(s) of order or orders for which review is sought:


## 2. Timeliness of notice of appeal or petition for review (for prisoners only)

Exact date on which notice of appeal or petition for review was placed in
institution's internal mailing system for mailing to court:


## 3. Issues for Review

Use the following spaces to set forth the facts and argument in support of the issues
you wish the Court of Appeals to consider. The parties may cite case law, but
citations are not required.

**Issue 1.**


**Supporting Facts and Argument.**


**Issue 2.**


**Supporting Facts and Argument.**

**Issue 3.**

**Supporting Facts and Argument.**

**Issue 4.**

**Supporting Facts and Argument**

**4. Relief Requested**
**Identify the precise action you want the Court of Appeals to take:**

**5. Prior appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes [ ] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_____

Signature
[Notarization Not Required]

_____

[Please Print Your Name Here]

## CERTIFICATE OF SERVICE
**********************

I certify that on _____ I served a copy of this Informal Brief on all parties, addressed as shown below:

_____

Signature

| NO STAPLES, TAPE OR BINDING PLEASE |
| --- |

# SEALED & CONFIDENTIAL MATERIALS

### Internet Availability of Docket & Documents

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration and social security cases are not accessible over the Internet to the public. In immigration and social security cases, public Internet access is limited to the court's docket, orders, and opinions.

### Federal Rules of Procedure

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

### Judicial Conference Privacy Policy

In addition, the judiciary's regulation on Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents. Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

Documents that were not sealed before the agency or district court will not be sealed in this court unless a motion to seal is filed and granted in this court.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed** volume of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s). Four sealed paper volumes must be sent to the court. For briefing orders after September 1, 2014, in appointed counsel and in forma pauperis cases, only 1 paper copy of the sealed appendix is required; if the case is tentatively calendared for oral argument, 3 additional paper copies of the sealed appendix must be filed within 10 days. See Standing Order 14-01. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. Paper copies of certificate of confidentiality must accompany the paper copies of the sealed appendix filed with the court.
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s). Six public paper volumes must be sent to the court (five if counsel is court appointed). For briefing orders after September 1, 2014, in appointed counsel and in forma pauperis cases, only 1 paper copy of the appendix is required; if

the case is tentatively calendared for oral argument, 3 additional paper copies
of the appendix must be filed within 10 days. <u>See</u> Standing Order 14-01.
Paper copies of public volumes of appendix do not need to be served on other
parties if they were served with full public appendix in electronic form.

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed,
highlighted version** of the brief and a **public, redacted version** of the brief, as
well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in
  which sealed material has been highlighted. Four sealed paper copies must be
  sent to the court. For briefing orders after September 1, 2014, in appointed
  counsel and in forma pauperis cases, only 1 paper copy of the sealed brief is
  required; if the case is tentatively calendared for oral argument, 3 additional
  paper copies of the sealed brief must be filed within 10 days. <u>See</u> Standing
  Order 14-01. Cover of sealed brief must be marked SEALED, and paper
  copies must be placed in envelopes marked SEALED. Sealed version must
  be served on other parties in paper form..
- Use ECF event-**Certificate of confidentiality** to identify authority for
  treating material as sealed and to identify who may have access to sealed
  material. Paper copies of certificate of confidentiality must accompany the
  paper copies of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which
  sealed material has been redacted. Eight paper copies must be sent to the
  court (six if counsel is court appointed). For briefing orders after September
  1, 2014, in appointed counsel and in forma pauperis cases, only 1 paper copy
  of the brief is required; if the case is tentatively calendared for oral argument,
  3 additional paper copies of the brief must be filed within 10 days. <u>See</u>
  Standing Order 14-01. Paper copies of public brief do not need to be served
  on other parties.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel
must file both a **sealed, highlighted version** and a **public, redacted version**, as
well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of
  document in which sealed material has been highlighted. First page of
  document must be marked SEALED. No paper copies need be filed, but
  other parties must be served in paper form.

- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**

Counsel should file a motion to seal if the material was not previously sealed by virtue of the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order. Counsel should also file a motion to seal if it is necessary to seal the entire brief or motion and not possible to create a public, redacted version.

The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required.

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CHANGE OF ADDRESS (PRO SE)

**No.** 15-2020,    <u>Curtis E. Leyshon v. Commissioner of IRS</u>
020983-13

If your address changes, it is your obligation to notify the clerk. If your address changes and you do not notify the clerk, we will not be responsible for your failure to receive documents from the court.

THE CLERK IS HEREBY NOTIFIED THAT MY ADDRESS SHOULD BE CHANGED TO:

| |
|---|
| Name: |
| Street/P. O. Box: |
| City/State/ZIP: |
| Telephone Number: |
| Prison (if applicable): |
| Prisoner's Reg. No. (if applicable): |
| Release Date (if applicable): |
| Effective Date for Change of Address: |
| Signature: |

U.S. POSTAGE
PAID
BOONE, NC
28607
OCT 15
AMOUNT
**$5.85**
R2304E105807-09

23219

1024

Expected Delivery Day: 10/19/2015

**USPS TRACKING NUMBER**

9505 5124 6738 5290 1313 23

OCT 20 2015

PRIORITY
★ MAIL ★

TRACKED
★★★
INSURED

UNITED STATES
POSTAL SERVICE®

For Domestic Use Only

Label 107R, July 2013

C. Peyton.
715 N. Pine Run Rd.
Boone, N.C. 28607

Chief Clerk   Patricia Connor
Lewis J. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Va. 23219