# No. 15-2020

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CURTIS E. LEYSHON,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

ON APPEAL FROM THE ORDER AND DECISION
OF THE UNITED STATES TAX COURT

BRIEF FOR THE APPELLEE

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

BRIDGET M. ROWAN    (202) 514-1840
CLINT A. CARPENTER  (202) 514-4346
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

# TABLE OF CONTENTS

**Page**

Table of contents ..................................................................... i

Table of authorities .................................................................. ii

Statement of jurisdiction ........................................................... 1

Statement of the issues ............................................................. 2

Statement of the case ............................................................... 3

      A.    Notice of deficiency ......................................... 4

      B.    Tax Court proceedings .................................... 5

Summary of argument ............................................................. 9

Argument ............................................................................. 10

    Leyshon's jurisdictional arguments are frivolous, and he has
waived any challenge to the merits of the Tax Court's order
and decision .................................................................... 10

        Standard of review .................................................. 10

      A.    This Court's subject-matter jurisdiction over
appeals from the Tax Court is established by
statute ........................................................... 13

      B.    Leyshon consented to personal jurisdiction in the
Tax Court by filing his petition for
redetermination ............................................. 17

Conclusion ........................................................................... 18

Statement regarding oral argument ........................................... 19

Certificate of compliance ......................................................... 20

Certificate of service .............................................................. 21

# TABLE OF AUTHORITIES

**Cases:**          **Page(s)**

*Adam v. Saenger,*
   303 U.S. 59 (1938) ................................................................. 18

*Am. Civil Liberties Union v. Clapper,*
   785 F.3d 787 (2d Cir. 2015) ................................................. 17

*Consulting Eng'rs Corp. v. Geometric Ltd.,*
   561 F.3d 273 (4th Cir. 2009) ................................................ 10

*Crain v. Commissioner,*
   737 F.2d 1417 (5th Cir. 1984) ............................................. 11

*Dixon v. Coburg Dairy, Inc.,*
   369 F.3d 811 (4th Cir. 2004) ................................................ 10

*ESAB Grp., Inc. v. Zurich Ins. PLC,*
   685 F.3d 376 (4th Cir. 2012) ................................................ 10

*Keller v. Potomac Elec. Power Co.,*
   262 U.S. 428 (1923) ................................................. 14, 15, 16

*Kuretski v. Commissioner,*
   755 F.3d 929 (D.C. Cir. 2014) ............................................. 14

*Lonsdale v. United States,*
   919 F.2d 1440 (10th Cir. 1990) ........................................... 11

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,*
   674 F.3d 369 (4th Cir. 2012) ................................................ 12

*Postum Cereal Co. Inc. v. Cal. Fig Nut Co.,*
   272 U.S. 693 (1926) ................................................. 14, 15, 16

*Samuels, Kramer & Co. v. Commissioner,*
   930 F.2d 975 (2d Cir. 1991) ................................................ 15

*Thornton v. United States,*
   621 F. App'x 360 (8th Cir. 2015) ............................... 13, 15, 18

*United States v. Wells Fargo Home Mortg.,*
   2015 WL 7567269 (10th Cir. Nov. 25, 2015) ............... 13, 15, 18

*Wnuck v. Commissioner,*
   136 T.C. 498 (2011) ........................................................ 11, 13

| **Statutes:** | **Page(s)** |
|---|---|

Internal Revenue Code (26 U.S.C.):

§ 6020(b) ................................................................................ 4

§ 6213 ..................................................................... 2, 5, 15

§ 6214 ......................................................................... 2, 15

§ 6651(a) .......................................................................... 4, 5

§ 6673 ................................................................. 3, 6, 7, 8

§ 6702(c) ............................................................................ 11

§ 7442 .................................................................................. 2

§ 7482 ..................................................................... 2, 9, 15

§ 7483 .................................................................................. 2

§ 7502 .................................................................................. 2

§ 7503 .................................................................................. 2

## **Rules and Regulations:**

Federal Rule of Appellate Procedure 13(a)(1) ........................................... 2

Local Rule 34(b) .......................................................................... 8

Treasury Regulation (26 C.F.R.) §§ 301.7502-1(b) ...................................... 2

## **Other Authorities:**

13C Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 3535 (3d ed. 2008) ......................... 16

I.R.S. Notice 2010-33, 2010-17 I.R.B. 609 .............................................. 11

U.S. Const. art III, § 2 .................................................................. 14

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 15-2020

CURTIS E. LEYSHON,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

———————————

ON APPEAL FROM THE ORDER AND DECISION
OF THE UNITED STATES TAX COURT

———————————

BRIEF FOR THE APPELLEE

———————————

**STATEMENT OF JURISDICTION**

On June 3, 2013, the IRS issued a notice of deficiency to appellant

Curtis E. Leyshon regarding his federal income tax liability for 2010.

(Doc. 7, Ex. A.)[1]  By mail postmarked September 3, 2013, Leyshon

timely filed a petition in the Tax Court seeking a redetermination of the

———————————

[1] "Doc." references are to documents contained in the original
record on appeal, as numbered by the clerk of the Tax Court.

-2-

deficiency under § 6213(a) of the Internal Revenue Code (I.R.C.), 26 U.S.C. (Doc. 1); *see* I.R.C. §§ 7502, 7503; Treas. Reg. (26 C.F.R.) §§ 301.7502-1(b)(1), (4). The Tax Court had jurisdiction under I.R.C. §§ 6213(a), 6214, and 7442.

On June 5, 2015, the Tax Court entered an order and decision disposing of all issues as to all parties. (Doc. 20.) Leyshon timely filed a notice of appeal on September 2, 2015. (Doc. 21); *see* I.R.C. § 7483; Fed. R. App. P. 13(a)(1). This Court's jurisdiction rests on I.R.C. § 7482.

## STATEMENT OF THE ISSUES

Leyshon filed a timely petition in the Tax Court to contest the notice of deficiency issued to him by the Internal Revenue Service for 2010 income taxes. The Tax Court upheld the deficiency, and Leyshon filed a timely appeal to this Court. On appeal, Leyshon questions this Court's subject-matter jurisdiction over his appeal, and the Tax Court's personal jurisdiction over him in that forum.

Section 7482 of the Internal Revenue Code (26 U.S.C.) gives the federal courts of appeals exclusive jurisdiction to review decisions of the Tax Court, and it is well established that the filing of a petition manifests the petitioner's assent to personal jurisdiction. The only

-3-

issues raised by Leyshon on appeal are whether this Court has subject-matter jurisdiction with respect to his appeal, and whether the Tax Court had personal jurisdiction over him with respect to his petition contesting the 2010 deficiency.

## STATEMENT OF THE CASE

In the Tax Court, Leyshon challenged the Commissioner's determination of an income tax deficiency and additions to tax for his 2010 tax year.  Leyshon's primary argument was that wages are not taxable income.  The Tax Court granted summary judgment in favor of the Commissioner and sustained the Commissioner's determination of the deficiency and additions to tax.  After further briefing and a hearing, the Tax Court also imposed a $2,000 penalty against Leyshon under I.R.C. § 6673 for maintaining frivolous positions in the Tax Court proceedings.  This appeal followed.

Because Leyshon has raised only facially frivolous jurisdictional issues in this appeal, the facts and procedural history of this case are largely irrelevant.  Nevertheless, we summarize them briefly below.

-4-

## A.    Notice of deficiency

Leyshon received income in 2010, but he failed to file a federal income tax return.  (Doc. 7, Exs. B–F.)  As a result, the IRS prepared a substitute return under I.R.C. § 6020(b), which authorizes the Secretary of the Treasury to make a return for a taxpayer who has not filed a required return.  (Doc. 7, Ex. C.)  On June 3, 2013, the IRS sent a notice of deficiency for tax year 2010 to Leyshon's last known address (which is also his current address).  (Doc. 7, Ex. A.)

In the notice of deficiency, the IRS determined a deficiency of $2,437 for tax year 2010 based on nonemployee compensation and other income reported to the IRS on third-party information returns (specifically, Forms 1099-MISC ).  (Doc. 7, Exs. A, D–F.)  Leyshon did not dispute—and has never disputed—that he received the 2010 payments reflected in those third-party information returns.  (Docs. 1, 9.)  The IRS also determined in the notice that Leyshon was liable for additions to tax (*i.e.*, penalties) under I.R.C. §§ 6651(a)(1) and 6651(a)(2) for failing to file a timely return and for failing to pay the amount shown as due on a return, respectively.  (Doc. 7, Ex. A.)

-5-

However, the Commissioner later conceded the issue of the § 6651(a)(2) penalty for failure to pay. (Doc. 6 at 2.)

## B.    Tax Court proceedings

On September 3, 2013, Leyshon timely petitioned the Tax Court under I.R.C. § 6213(a) for a redetermination of the deficiency. (Doc. 1.) His petition alleged typical tax-defier claims to the effect that the IRS had not complied with "mandatory" procedures and had failed to promulgate "required" regulations. (*Id.*) As noted, Leyshon never disputed his receipt of income in 2010, or the amount of that income.

The Commissioner moved for summary judgment (Docs. 6–7), which Leyshon opposed (Doc. 9). Leyshon neither controverted the facts set forth in the Commissioner's motion, nor identified any evidence showing a genuine dispute of material fact. Instead, he again raised a variety of largely incomprehensible tax-defier arguments, chief among which was that wages are not taxable income. (Doc. 9 at 8–26.)

On July 31, 2014, the Tax Court granted the Commissioner's motion for summary judgment, concluding that Leyshon "failed to 'set forth specific facts showing that there is a genuine dispute,'" and that his legal arguments were "frivolous." (Doc. 12 at 3–4.) The Tax Court

also ordered Leyshon to appear at a hearing to "<u>show cause why the Court should not impose on him a penalty of up to $25,000</u>, pursuant to 26 U.S.C. section 6673(a)(1), for maintaining frivolous positions." (*Id.* at 4.)  Noting that "[i]t appears possible that someone other than Mr. Leyshon himself has composed his frivolous arguments," the court advised Leyshon that "[i]f that is the case, and if [he] disclaims those frivolous arguments, then the Court will take that into account in deciding whether to impose a penalty." (*Id.*)  Nevertheless, a few weeks before the show-cause hearing, Leyshon filed a motion for reconsideration of the Tax Court's order in which he reasserted many of the same arguments that the court had already deemed frivolous and potentially sanctionable. (Doc. 13.)

The show-cause hearing was held on September 22, 2014. (Doc. 16.)  The Tax Court warned Leyshon at the outset not to again reassert the same frivolous arguments that the court had already rejected (Doc. 16 at 3:5–14), but Leyshon failed to heed the warning.  Instead of attempting to show cause why he should not be sanctioned for having previously made those arguments, Leyshon's statements at the hearing merely repeated them for a third time. (Doc. 16 at 3:20–5:10, 5:20–6:25;

-7-

*see also* Doc. 19 at 10–13.)  The Tax Court then concluded the hearing,

taking the issue of a § 6673 penalty under advisement.

On January 16, 2015, the Tax Court entered an order notifying

the parties of its intent to take judicial notice of the record in a prior

Tax Court case that had been brought by Leyshon's wife.  (Doc. 17.)  In

addition to certain filings from that case, the court specifically stated its

intent to take notice of the following "facts about the proceedings in that

case that are disclosed in that record":

> the positions that were taken in Mrs. Leyshon's petition and
> her other filings; the fact that the Commissioner moved the
> Court to impose on Mrs. Leyshon a penalty pursuant to
> section 6673; the fact that Mr. Leyshon attended his wife's
> trial, sat with her at counsel table, and assisted her in that
> litigation; the statements made by the parties and the Court
> in the hearing in that case; and the fact that the Court
> issued an opinion commenting on her arguments and
> "sternly warn[ ed] petitioner that we will likely impose this
> penalty if she returns to this Court and makes similar
> arguments in the future."

(Doc. 17 at 2.)  Leyshon objected to the proposed judicial notice.  (Doc.

18.)

On June 3, 2015, the Tax Court issued a memorandum opinion

overruling Leyshon's objections and imposing a § 6673 penalty against

him in the amount of $2,000.  (Doc. 19 at 17, 33.)  The court reasoned

that the penalty was warranted because Leyshon had persisted in
advancing arguments that he knew the court had deemed frivolous in
both his own case and his wife's case, despite his knowledge of the
court's repeated and explicit warnings to both himself and his wife.  (*Id.*
at 30–32.)

In accordance with this opinion and its prior rulings, the Tax
Court then entered a final order and decision sustaining the
Commissioner's determination of the deficiency and failure-to-file
penalty, denying Leyshon's motion for reconsideration, and ordering
Leyshon to pay a § 6673 penalty in the amount of $2,000.  (Doc. 20.)

This appeal followed.  Because Leyshon is proceeding *pro se*, this
Court initially set an informal briefing schedule pursuant to Local Rule
34(b).  Leyshon, however, objected to this Court's informal briefing
procedure and moved the Court to set a new briefing schedule providing
for formal briefs.  The Court granted Leyshon's motion, and,
accordingly, this appeal has proceeded under the formal briefing
procedure.

## SUMMARY OF ARGUMENT

Despite his lengthy brief on appeal, Leyshon asserts no arguments challenging the Tax Court's decision on the merits, and, consequently, he has waived any challenge to the substance of the decision. Leyshon has confined his appeal to two meritless jurisdictional arguments, surrounded by "tax defier"-type rhetoric. Those arguments and rhetoric appear to have been cut-and-pasted from *pro se* briefs filed in other appeals. The courts that heard those other appeals rejected the jurisdictional arguments out of hand, and this court should do likewise.

Apparently forgetting that he is the *appellant*, Leyshon primarily argues that this appeal must be dismissed because this Court lacks subject-matter jurisdiction. Indeed, dismissal is the only affirmative relief that Leyshon requests from this Court. It is unclear what Leyshon hopes to gain from this, but in any event, his argument is unavailing. Congress has expressly granted exclusive jurisdiction to review decisions of the Tax Court to the federal courts of appeals. I.R.C. § 7482. Moreover, Leyshon's suggestion that the Commissioner somehow lacks Article III standing to litigate this appeal ignores the fact that it was *he*, not the Commissioner, who brought this case in the

-10-

Tax Court. As the respondent, the Commissioner does not need "standing" to defend against Leyshon's claims, whether in the Tax Court or in this Court.

Leyshon's remaining argument is that he was not subject to personal jurisdiction in the Tax Court, but that fails for a similar reason—namely, that Leyshon was the *petitioner* below. By filing his timely petition in the Tax Court for redetermination of the deficiency, Leyshon voluntarily submitted himself to that Court's jurisdiction.

Because Leyshon's only arguments on appeal are wholly without merit, the order and decision of the Tax Court should be affirmed.

## ARGUMENT

**Leyshon's jurisdictional arguments are frivolous, and he has waived any challenge to the merits of the Tax Court's order and decision**

### Standard of review

This Court reviews issues of subject-matter and personal jurisdiction *de novo.* *See ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 385, 391 (4th Cir. 2012) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004) (en banc); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)).

_____

Like his filings in the Tax Court, Leyshon's opening brief is awash

with the scattershot rhetoric of so-called "tax protesters."  Thus, for

example, he asserts in passing that the IRS failed to demonstrate that

he was a "taxpayer," and that, as a citizen of North Carolina, he is not a

citizen of the United States.  (Br. 19, 39, 42.)  *See generally Lonsdale v.*

*United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing common

tax-protester arguments that "are completely lacking in legal merit and

patently frivolous"); I.R.S. Notice 2010-33, 2010-17 I.R.B. 609 (listing

tax positions that the IRS has identified as frivolous pursuant to I.R.C.

§ 6702(c)).[2]  Leyshon even goes so far as to claim that the judges of this

Court are, among other things, "Liars," "Domestic Enemies to our

Republic," and "committing TREASON by waging War against the

'Laws of the United States.'"  (Br. 6–7.)

_____

[2] Refuting such rhetoric "with somber reasoning and copious
citation of precedent . . . might suggest that these arguments have some
colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir.
1984); *see also Wnuck v. Commissioner*, 136 T.C. 498, 501–13 (2011)
(explaining why courts "usually decline to refute frivolous anti-tax
arguments").

-12-

But conspicuously absent from Leyshon's brief is any argument that actually challenges the merits of the Tax Court's order and decision. Thus, Leyshon has waived any such challenge. *See, e.g.*, *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 376-77 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.").

Instead, Leyshon raises only two, purely jurisdictional arguments, which are equal parts perplexing and frivolous. First, even though Leyshon is the *appellant*, he argues that his appeal must be dismissed because this Court lacks subject-matter jurisdiction. (Br. 1–17, 19–42.) And second, even though Leyshon was the *petitioner* in the Tax Court proceeding below, he argues that he was not subject to personal jurisdiction in the Tax Court. (Br. 17–19.) Leyshon's reasoning is opaque and mystifying, at best; his arguments are obviously inconsistent with his status as the petitioner-appellant. In fact, except for his inapposite discussion of this Court's informal briefing procedures (Br. 5–12), Leyshon appears to have merely copied these arguments, almost verbatim, from largely identical briefs that other *pro se* taxpayers have filed in recent months in the Eighth and Tenth Circuits.

-13-

(*Compare* Br. 12–21, 23–34, 36–41, *with* Appellant's Brief at 15–18, 20–30, *United States v. Wells Fargo Home Mortg.*, 2015 WL 7567269 (10th Cir. Nov. 25, 2015) (No. 15-5032), Appellant's Brief at 5–6, 12–13, 21–28, 34, *Thornton v. United States*, 621 F. App'x 360 (8th Cir. 2015) (per curiam) (No. 15-1774), *and* Appellant's Brief at 10, 13–22, 26–36, 38–42, *Morgan v. Commissioner*, No. 15-3110 (8th Cir. Nov. 5, 2015).)[3]

Those courts rejected out of hand the jurisdictional arguments that Leyshon parrots here, *see Wells Fargo*, 2015 WL 7567269, at *1–2; *Thornton*, 621 F. App'x at 361, and this Court should do likewise.

## A.    This Court's subject-matter jurisdiction over appeals from the Tax Court is established by statute

Despite the fact that it was he, not the Commissioner, who brought this case in the Tax Court and who then appealed to this Court, Leyshon devotes nearly all of his brief to an argument that this Court lacks subject-matter jurisdiction.  (Br. 1–17, 19–42.)  Indeed, his *only*

---

[3] This sort of uncritical copying is a hallmark of "[f]rivolous anti-tax arguments," which "are often obviously downloaded from the Internet; and by cut-and-paste word processing functions, these arguments are easily plunked into a party's filing. . . . For all a court can tell, the litigant may not even have carefully read the arguments he submits."  *Wnuck*, 136 T.C. at 502–03.

-14-

request for any specific relief from this Court asks that "[t]his instant Case . . . be dismissed for lack of subject matter jurisdiction as the 4th Circuit is prohibited from adjudicating 'Internal Revenue Laws' arising under Article III." (Br. 42.) But Leyshon does not dispute that the Tax Court had subject-matter jurisdiction over his petition contesting the notice of deficiency for his 2010 tax year. Thus, even if he were correct that jurisdiction is lacking in this Court, that would result only in dismissal of this appeal, leaving intact the order and decision of the Tax Court.

In any event, Leyshon's argument that this Court lacks subject-matter jurisdiction is entirely without merit. Although his reasoning is far from coherent, the gravamen of his argument seems to be that because cases involving enforcement of the internal revenue laws fall within the "public rights doctrine" and can therefore be assigned by Congress to Article I courts (such as the Tax Court), those cases are beyond the jurisdiction of Article III courts (such as this Court). (*See* Br. 12–17, 21–27, 36–39 (citing *inter alia* U.S. Const. art III, § 2; *Postum Cereal Co. Inc. v. Cal. Fig Nut Co.*, 272 U.S. 693, 700–01 (1926); *Keller v. Potomac Elec. Power Co.*, 262 U.S. 428, 442–44 (1923); *Kuretski*

-15-

*v. Commissioner*, 755 F.3d 929, 939–41 (D.C. Cir. 2014); *Samuels, Kramer & Co. v. Commissioner*, 930 F.2d 975, 992 (2d Cir. 1991)).)

But the fact that Congress has elected to give the Tax Court jurisdiction over certain types of tax cases, including taxpayer petitions for redetermination of deficiencies, *see* I.R.C. §§ 6213–6214, does not mean that Congress is prohibited from giving Article III courts appellate jurisdiction to review the Tax Court's decisions. By enacting I.R.C. § 7482, Congress expressly authorized the federal courts of appeals to exercise "exclusive jurisdiction to review the decisions of the Tax Court," and Leyshon's argument offers no credible basis to question the validity of this statutory grant of jurisdiction. *See Wells Fargo*, 2015 WL 7567269, at *1–2 (relying on statutory grants of jurisdiction to reject virtually identical argument challenging district court's subject-matter jurisdiction); *Thornton*, 621 F. App'x at 361 (same).

Contrary to Leyshon's assertions, the Supreme Court has never recognized a constitutional rule that Article III courts outside the District of Columbia cannot be given jurisdiction to review cases involving administrative determinations. Leyshon grossly misreads the Supreme Court's ninety-year-old decisions in *Postum Cereal* and *Keller*,

-16-

which involved the narrow "administrative question" doctrine, and ignores the vast body of subsequent case law making clear that, in all but the rarest circumstances, the Constitution does not prohibit Article III courts from reviewing administrative determinations when authorized to do so by Congress. *See generally* 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3535 (3d ed. 2008) (discussing the development and scope of the "administrative question" doctrine under *Keller*, *Postum Cereal*, and other cases). As Wright and Miller explain, "There is no room today to question the proposition that [federal] courts may review administrative decisions not only on issues of law but also for adequate fact support in the record and for abuse of discretion." *Id.* at 823.

Equally unavailing is Leyshon's contention that jurisdiction is lacking under the constitutional "case or controversy" requirement. (Br. 19–21, 23, 34–36, 41.) Leyshon argues that the Commissioner lacks "standing" to litigate tax issues in this Court or any other Article III court, but he fails once again to appreciate that *he* brought this case against the Commissioner, not the other way around. As the authorities he quotes in his brief make clear, the Article III requirement

-17-

of standing to sue applies only to the plaintiff/petitioner and is determined as of the commencement of the suit.  (*E.g.*, Br. 21 (quoting *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015)).)  The Commissioner, as the *respondent* below, does not need Article III standing to defend against Leyshon's claims, whether in the Tax Court or on appeal to this Court.

Accordingly, Leyshon's argument that this appeal must be dismissed for lack of jurisdiction should be rejected.

**B.    Leyshon consented to personal jurisdiction in the Tax Court by filing his petition for redetermination**

Leyshon's only other argument on appeal is to the effect that he was not subject to personal jurisdiction in the Tax Court.  (Br. 17–19.)  In support he asserts that his "Political Status, Citizenship and Allegiance is as a 'citizen of North Carolina,'" citing as "evidence" a document titled "Certificate of Political Status, Citizenship and Allegiance" that he recorded in Watauga County, North Carolina.  (Br. 17–18; A.26–29.)  By this document, Leyshon purports to disclaim his status as a citizen of the United States.  (*Id.*)  He also states that he is registered to vote in North Carolina and claims that the Commissioner is obligated to prove that he is a "taxpayer."  (Br. 18–19.)

-18-

Why Leyshon believes any of this defeats personal jurisdiction is unclear. The taxpayers in *Wells Fargo* and *Thornton* challenged personal jurisdiction on the basis of identical assertions and "evidence" to no avail. *See Wells Fargo*, 2015 WL 7567269, at *2 ("Because the Greens are citizens of Oklahoma . . . the Northern District of Oklahoma properly exercised personal jurisdiction over them."); *Thornton*, 621 F. App'x at 361 ("[Thornton's] citizenship argument is frivolous . . . ."). And here, the argument is even more fundamentally flawed because, unlike the taxpayers in *Wells Fargo* and *Thornton*, Leyshon was the *petitioner* in the proceedings below. It is axiomatic that a plaintiff or petitioner, by his voluntary act of filing a complaint or petition for relief, necessarily submits himself to the jurisdiction of the court in which he files it. *See Adam v. Saenger*, 303 U.S. 59, 67–68 (1938). Thus, there can be no reasonable question that the Tax Court properly exercised personal jurisdiction over Leyshon in the proceedings below.

## CONCLUSION

For all of the foregoing reasons, the Tax Court's order and decision is correct and should be affirmed.

-19-

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the Commissioner of Internal Revenue, the appellee herein, respectfully submit that oral argument is unnecessary in this case because the appellant has raised only frivolous arguments.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

s/ Clint A. Carpenter
BRIDGET M. ROWAN    (202) 514-1840
CLINT A. CARPENTER  (202) 514-4346
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

JANUARY 2016

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No.  15-2020    Caption:  Leyshon v. Commissioner

## CERTIFICATE OF COMPLIANCE
## WITH RULE 28.1(e) or 32(a)

Certificate of Compliance With Type-Volume Limitation, Typeface
Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App.
P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not
exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words
or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be
used only with monospaced type]*

    [X]    this brief contains __3,586__ words, excluding the parts of the
brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [ ]    this brief uses a monospaced typeface and contains [*state the
number of*] lines of text, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App.
P. 32(a)(5) and the type style requirements of Fed. R. App. P.
32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-
point font must be used with monospaced typeface, such as Courier or Courier New]*

    [X]    this brief has been prepared in a proportionally spaced
typeface using Microsoft Word 2010 in 14-point Century
Schoolbook; *or*

    [ ]    this brief has been prepared in a monospace typeface using
[*state name and version of word processing program*] with
[*state number of characters per inch and name of type style*].

(s)  Clint A. Carpenter
Attorney for  the Commissioner of Internal Revenue
Dated:  January 19, 2016

## CERTIFICATE OF SERVICE

I certify that on January 19, 2016, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

> Curtis E. Leyshon
> 915 North Pine Run Road
> Boone, NC 28607

s/ Clint A. Carpenter

CLINT A. CARPENTER

*Attorney*
